IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STANLEY GUE CHARLES,<br><br>    Petitioner,<br><br>vs.<br><br>KATRINA KANE,<br><br>    Respondent. | No. CV 08-650-FJM-CRP<br><br>**REPORT AND RECOMMENDATION** |

On April 3, 2008, Stanley Gue Charles ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2241. (Doc 1). At the time, Petitioner was confined at the Florence, Arizona INS Processing Center awaiting removal to the Turks and Caicos Islands or Haiti. Petitioner argued he was detained beyond a 180-day period without his removal significantly likely to occur in the reasonably foreseeable future and that further detainment violated federal law as interpreted by the Supreme Court. *Zadvydas v. Davis*, 533 U.S. 678 (2001). On October 28, 2008, Petitioner was released from confinement on an Order of Supervision. (Doc 19, Exhibit 1). After Petitioner's release, Respondent filed a Notice of Filing and Suggestion of Mootness arguing the Habeas Petition is now moot. (Doc 19).

**Procedural History**

On September 26, 2007, an immigration judge ordered Petitioner removed to the Turks and Caicos. (Doc 12). The Department of Homeland Security ("DHS"), however, was unable to remove Petitioner to the British islands because the United Kingdom claimed both of Petitioner's parents were citizens of Haiti. (Doc 12). On March 14, 2008 and April 10, 2008, DHS contacted the Consulate of Haiti but did not succeed in securing travel documents for Petitioner. (Docs 12, 16). After being held for over six months, on April 3, 2008, Petitioner filed the Habeas Petition pending before this Court. (Doc 1). Petitioner sought relief from his continued detention arguing there was no prospect that his removal to the Turks and Caicos or Haiti would be effected in the reasonably foreseeable future. (Doc 1). On October 28, 2008, Petitioner was released on an Order of Supervision. (Doc 19, Exhibit 1). In a Notice of Filing and Suggestion of Mootness filed October 29, 2008, Respondent argues the Habeas Petition is now moot because Petitioner has received the relief sought in the Habeas Petition. (Doc 19). Petitioner has not filed a Response to the Notice of Filing and Suggestion of Mootness and the time for filing such a response has expired.

**Analysis**

Article III of the United States Constitution empowers federal courts to adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). It is insufficient that the case-or-controversy requirement is satisfied when the suit is filed, the requirement "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990) (internal quotations omitted.) Furthermore, if it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. *Picrin-Person v. Rison*, 930 F.2d 773, 775-776 (9th Cir.1991).

In the case before this Court, Petitioner challenges only the legitimacy of his continued detention and seeks, as his sole request, relief from it in the form of supervised release. As Respondent points out, Petitioner is no longer in custody; he was released on an

1  Order of Supervision on October 28, 2008. Petitioner, therefore, no longer has a personal
2  stake in the outcome of this lawsuit. Additionally, the relief Petitioner requested, his release
3  from continued and potentially indefinite detention, can no longer be granted by the Court.
4  For these reasons, this case is moot.

5  **Recommendation**

6  After careful consideration of the Habeas Petition and all papers filed in this action,
7  the Magistrate Judge recommends that the District Court dismiss this Habeas Petition as
8  moot. When Petitioner was released from detention it rendered his Habeas Petition moot.

9  Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections
10 within 10 days of being served with a copy of this Report and Recommendation. If
11 objections are not timely filed, they may be deemed waived.

12 If objections are filed, the parties should use the following case number: cv 08-650-
13 PHX-FJM.

14 DATED this 21st day of November, 2008.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE